**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**EVELYN BAILEY,**

   **Plaintiff,**

**v.**         **Case No.**

**SANDY HOOK PROMISE**
**FOUNDATION, INC.,**

   **Defendant.**

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, EVELYN BAILEY, hereby sues Defendant, SANDY HOOK

PROMISE FOUNDATION, INC., and alleges as follows:

**JURISDICTION AND VENUE**

1. Plaintiff seeks an award of compensatory and punitive damages

against Defendant based upon employment discrimination against Plaintiff in

violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §

2000e et seq. and the Americans with Disabilities Act of 1990, as amended, 42

U.S.C. § 12101 et seq.

2. Subject matter jurisdiction over this action is based upon (1)

diversity of citizenship between Plaintiff and Defendant; (2) the existence of

federal question jurisdiction based on Title VII and ADA claims that arise under

federal law; and (3) supplemental jurisdiction over state law claims. The federal statutes conferring original subject matter jurisdiction over this action are 28 U.S.C. §§ 1331, 1332, & 1367.

3. At all times material to this action, Plaintiff was a citizen of Hillsborough County, Florida; Defendant was and is registered under the laws of Delaware and had its principal place of business in Newtown, CT.

4. Defendant is a not-for-profit corporation that advocates for policy designed to prevent gun violence and support mental wellness through educational programs targeted towards schoolchildren and adults. Plaintiff was hired first as a Florida Program Coordinator then was transferred to an Account Manager position, and worked from her home in Tampa, Florida.

5. Defendant is subject to general and specific personal jurisdiction in this Court under Section 48.193, Florida Statutes. Plaintiff's causes of action under Title VII and the ADA arose from Defendant's continued employment of Plaintiff in the State of Florida as a permanent employee working remotely.

6. Defendant first hired Plaintiff as a Florida Program Coordinator, requiring her to relocate to Florida.

7. Following her transfer to an Account Manager role, Plaintiff was responsible for the Southeast region of the United States, allowing her to remain in Florida and continue to work remotely.

-2-

8.    Defendant purposefully availed itself of the benefits and protections of Florida law by recruiting Plaintiff to work on Florida specific programs and allowing her to remain in Florida following her transfer to a different position.

9.    Defendant routinely advocates, educates, and otherwise operates in Florida.

10.    Prior to filing this action, Plaintiff timely filed EEOC Charges No, 511-2021-01788 and No. 511-2022-00132.

11.    Venue is appropriate in the Middle District of Florida under Title VII and the ADA as the place Plaintiff was and would be working if the employment discrimination of which Plaintiff complains had not taken place.

## FACTUAL ALLEGATIONS

12.    Plaintiff is a Black female with depression and anxiety.

13.    Plaintiff began working for Defendant in September 2017 as a Florida Program Coordinator, then was transferred to an Account Manager role in 2019. Plaintiff was a model employee for Defendant.

14.    When Plaintiff first began working for Defendant, she was one of two Black employees in the organization.

15.    From September 2017 through January 2021, when Plaintiff approached Defendant regarding the issue, Plaintiff was compensated less than her white colleagues who held the same position.

-3-

16.    Throughout Plaintiff's employment, Defendant never engaged in any sort of interactive process regarding her disability or potential accommodations, even though they knew of her disabilities and had records documenting them and their treatment.

17.    In the Summer of 2020, Defendant created an initiative pertaining to the Black Lives Matter movement and the murder of George Floyd.

18.    In September of 2020, following Plaintiff's involvement with Defendant's initiative, Plaintiff's supervisors ("Supervisors"), all of whom were white, subjected her to a hostile work environment, including subjecting her and her job performance to more intense scrutiny and criticism than her white colleagues.

19.    In December 2020, one of Plaintiff's co-workers approached the Supervisors to address their harassment and discrimination of Plaintiff in an effort to correct it, but this only heightened their behavior.

20.    In February 2021, Plaintiff made a formal complaint to Defendant's human resources department ("HR") regarding the poor treatment she had been facing, the stress it put her under, and how it exacerbated Plaintiff's disabilities.

21.    Shortly after lodging her formal complaint, Plaintiff was placed on a development plan through March 2021, according to Defendant, because of Plaintiff's "poor performance," which Plaintiff disputed.

22.    Following her completion of the development plan, Defendant claimed that Plaintiff's performance had not improved and placed her on a Performance Improvement Plan (hereafter "PIP") under threat of termination.

23.    Plaintiff nevertheless objected to the PIP as discrimination and retaliation for her HR complaint.

24.    Eventually, after enduring months of discrimination and harassment which exacerbated her disability, Plaintiff took a medical leave of absence on April 19, 2021.

25.    Plaintiff filed EEOC Charge No. 511-2021-01788 on or around May 17, 2021, while on her medical leave of absence.

26.    Following Plaintiff's return from her medical leave of absence, Defendant terminated Plaintiff's employment on October 5, 2021.

27.    Throughout Plaintiff's employment with Defendant, Plaintiff requested several accommodations to assist her in her role, as her disabilities made it difficult to recollect certain details from conversations or meetings and to prioritize tasks properly.

28.    As made clear in a letter from Plaintiff's treating healthcare provider to Defendant during Plaintiff's last FMLA leave, Plaintiff's disabilities affected major life activities and left her in a fragile mental state, hence her repeated requests for accommodations to improve her mental health stability.

## COUNT I - TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### (Retaliation)

29.    Plaintiff realleges paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30.    Defendant is an employer under Title VII.

31.    Plaintiff engaged in opposition to racial harassment by reporting the same to Defendant's Human Resources department.

32.    Defendant retaliated by placing Plaintiff on a development plan and a PIP after the completion of the development plan.

33.    Plaintiff then participated in a protected activity by taking a medical leave of absence and filing EEOC Charge No. 511-2021-01788 regarding Defendant's hostile work environment and harassment.

34.    Defendant retaliated against Plaintiff further by terminating Plaintiff's employment upon her return from medical leave, prior to the filing of this action.

**WHEREFORE**, Plaintiff requests this Honorable Court to grant a judgment requiring Defendant to pay to Plaintiff lost-wages, front-pay, compensatory damages and punitive damages in an amount to be proved at trial, prejudgment interest thereon, and costs and attorney's fees under Title VII, 42 U.S.C. § 2000e et al.

## COUNT II - AMERICANS WITH DISABILITIES ACT

35.    Plaintiff realleges paragraphs 1 through 28 of this Complaint as if fully set forth herein.

36.    Defendant is an employer under the ADA.

37.    Plaintiff was subjected to disability discrimination in regard to the terms, conditions and privileges of employment, and was discharged based on Plaintiff's disability and Defendant's refusal to accommodate her disability.

38.    Plaintiff has been damaged by the conduct of Defendant.

**WHEREFORE**, Plaintiff requests this Honorable Court to grant a judgment requiring Defendant to pay to Plaintiff lost-wages, front-pay, compensatory damages and punitive damages in an amount to be proved at trial, prejudgment interest thereon, and costs and attorney's fees under the Americans with Disabilities Act, 42 U.S.C. § 12101 et al.

## COUNT III - TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### (Discharge Based on Race)

39.    Plaintiff realleges paragraphs 1 through 28 of this Complaint as if fully set forth herein.

40.    Defendant is an employer under Title VII.

41.    Plaintiff was discharged because of her race.

42.    Plaintiff has been damaged by the conduct of Defendant.

**WHEREFORE**, Plaintiff requests this Honorable Court to grant a

judgment requiring Defendant to pay to Plaintiff lost-wages, front-pay, compensatory damages and punitive damages in an amount to be proved at trial, prejudgment interest thereon, and costs and attorney's fees under Title VII, 42 U.S.C. § 2000e et al.

## COUNT IV - SECTION 1981
### (Discharge Based on Race)

43.    Plaintiff realleges paragraph 1 through 28 of this Complaint as if fully set forth herein.

44.    Plaintiff was discharged because of her race.

45.    Plaintiff has been damaged by the conduct of Defendant.

**WHEREFORE**, Plaintiff requests this Honorable Court to grant a judgment requiring Defendant to pay Plaintiff an award of back-pay, front-pay, compensatory damages and punitive damages in an amount to be proved at trial, prejudgment interest thereon, and costs and attorney's fees under Section 1981, 42 U.S.C. § 1981.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury as to all claims so triable.

Respectfully submitted,

/s/ Craig L. Berman

Craig L. Berman
Fla. Bar No. 068977
BERMAN LAW FIRM, P.A.
111 Second Avenue NE, Suite 706
St. Petersburg, FL 33701
727-550-8989
craig@bermanlawpa.com

**ATTORNEY FOR PLAINTIFF**